UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FARRELL ROBERT MURPHY,

               Plaintiff,

-against-

CAPITAL ONE BANK, U.S.A. (NA);
GREENPOINT MORTGAGE; NORTH
FORK BANK & TRUST CO.; JAMAICA
SAVINGS BANK, F.S.C.,

               Defendants.
----------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 2 0 2008 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
08-CV-03390 (NGG)(LB)

NICHOLAS G. GARAUFIS, United States District Judge:

Plaintiff Farrell Robert Murphy ("Plaintiff") brings this pro se action seeking one million dollars in damages from each of the four defendants arising from the mortgage on the real property at 185 Beach 117th Street in Rockaway Park, New York ("the property"). Plaintiff paid the filing fee to commence this action. Plaintiff is granted thirty days from the date of this Order to amend his complaint as set forth below.

## BACKGROUND

While Plaintiff's complaint states very little, there are multiple attachments from which one may glean a bit, but not much, more information. Plaintiff had a mortgage on the property and the property was evidently sold in November 2005. Complaint at ¶ III. Plaintiff has filed a complaint regarding the handling of the mortgage by defendant Greenpoint Mortgage bank with the Office of the Comptroller of the Currency, Customer Assistance Group, and has written to defendant Greenpoint seeking a statement of the payments made on the loan from January to June 2005. While it is clear that the loan number was 100463215 when held by North Fork

1

Bank, and was number 5000105709 when held by Greenpoint Mortgage after the merger with North Fork, see Attachment, p. 17, Letter to Plaintiff from Greenpoint Bank dated January 28, 2008 ("Greenpoint Letter"), it is unclear what claim Plaintiff seeks to state in this court. According to the Greenpoint Letter and the Mortgage Loan History attached thereto, see Complaint, Attachment at 18-19, Greenpoint assumed the loan on July 7, 2005[1] and it was paid in full on December 5, 2005. Id. Further, Plaintiff was mailed an escrow check on December 20, 2005 for $1928.73. Id. at 17.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its

---

[1] The letter has a typographical error. The date that Greenpoint assumed the loan was July 7, 2005 not 2007.

2

entirety. Id.; see also Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 139(c). Id. at ¶ II. This section does not provide for subject matter jurisdiction over this action, rather it concerns the organization of the district courts of the United States, specifically the times for holding regular sessions. See 28 U.S.C. § 139. The complaint, as presently stated, fails to allege a basis for the exercise of this Court's subject matter jurisdiction.

To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Plaintiff has not presented a federal question. Nor is there diversity jurisdiction because the parties are not diverse, as the addresses provided for the parties by plaintiff are in New York. Thus, the Court is without subject matter jurisdiction over plaintiff's complaint.

As presently stated, even interpreting plaintiff's pleadings as raising the strongest arguments they suggest, plaintiff has failed to allege a basis for the exercise of this Court's subject matter jurisdiction. In an abundance of caution, however, and in deference to plaintiff's pro se status, the Court grants plaintiff thirty days to amend his complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (pro se plaintiff should afforded opportunity to amend complaint prior to dismissal). Should plaintiff file an amended complaint, he must allege a basis for the exercise of this Court's subject matter jurisdiction and satisfy the minimal filing requirements of Fed. R.Civ. P. 8, by providing the defendants with notice of the claims against them and a short, plain statement of the relevant facts supporting each claim against each defendant.

## CONCLUSION

Accordingly, plaintiff is granted thirty days leave to file an amended complaint. The amended complaint must be signed and submitted to the Court within thirty days of the date of this Order, be captioned "AMENDED COMPLAINT," and bear docket number 08-CV-03390. All further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Once submitted, the amended complaint shall be reviewed for compliance with this Order. Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Nicholas G. Garaufis

Nicholas G. Garaufis
United States District Judge

Dated: Brooklyn, New York
       October 17, 2008