UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

FARRELL ROBERT MURPHY,

        Plaintiff,

-against-   **MEMORANDUM & ORDER**

CAPITAL ONE BANK, U.S.A. (NA);   08-CV-03390 (NGG)(LB)
GREENPOINT MORTGAGE; NORTH
FORK BANK & TRUST CO.; JAMAICA
SAVINGS BANK, F.S.C.,

        Defendants.
───────────────────────────────X
NICHOLAS G. GARAUFIS, United States District Judge.

On August 19, 2008, plaintiff brought this pro se action seeking one million dollars in damages from each of the four defendants arising from the mortgage on the real property at 185 Beach 117th Street in Rockaway Park, New York ("the property"). (See Docket Entry #1.) By Order dated October 17, 2008, the court found that the complaint failed to allege a basis for the exercise of subject matter jurisdiction by this court. (See Docket Entry #2.) However, given plaintiff's pro se status, the court afforded plaintiff thirty days to amend his complaint to provide a basis for subject matter jurisdiction and to comply with the dictates of Federal Rule of Civil Procedure 8 by providing the defendants with notice of the claims against them and a short, plain statement of the relevant facts supporting each claim against each defendant.

On November 17, 2008, plaintiff submitted a timely amended complaint. (See Docket Entry #3, "Amended Complaint.") Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co.,

1

526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id.; see also Fed. R. Civ. P. 12(h)(3). Plaintiff states that the court has subject matter jurisdiction because "I wish, respectively demand, a clean, clear claim in 'this' court for reasons of the Eastern District Court of New York has independent, substantial, part given rise to the claim occur[r]ed." Amended Complaint at 1-2. Plaintiff also seems to believe that because the property is in this district, the court necessarily has subject matter jurisdiction over his claim.

The court has reviewed the submission and construed both the complaint and the Amended Complaint to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, since plaintiff's submissions fail to provide a basis for the exercise of this court's subject matter jurisdiction, the action is dismissed. Fed. R. Civ. P. 12(h)(3). To the extent plaintiff seeks until December 18, 2008 to comply with Federal Rule of Civil Procedure 8, see Amended Complaint at 3, the request is denied as moot since the court does not have subject matter jurisdiction over his claim. Although the plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     November 26 , 2008

Nicholas G. Garaufis
United States District Judge